The Honorable John E. Miller State Representative P.O. Box 420 Melbourne, AR 72556-0420
Dear Representative Miller:
This is in response to your request for an opinion regarding Act 977 of 1991, which is codified at A.C.A. §§ 6-17-1001 — 1003 (Cum. Supp. 1991). Your specific questions are as follows:
 1. Does the district have to have fourteen equal increments of $400, or is this a goal for the district to be working toward?
 2. Does a district have to have these equal increments in place by a certain year, or if this is a goal, is there a time table for this goal to be met?
With regard to your first question, it is my opinion that the salary schedule with fourteen annual equal increments of at least four hundred dollars is a goal for the district. Subsection (f) of § 6-17-1001 states:
 After a school district has met the minimum salary requirements of this subchapter, such district shall adopt as a goal and make progress toward implementing a salary schedule which provides fourteen (14) annual equal increments of not less than four hundred dollars ($400) each over the base salary of the district.
While one might contend that subsection (e) of § 6-17-1001requires $400 annual increments, a court would, in my opinion, conclude that this contention is untenable following a reading of § 6-17-1001 as a whole. Subsection (e)(1) of § 6-17-1001 states:
 In school year 1993-94 and each school year thereafter, each school district in the state shall have in place a salary schedule which provides at least fourteen (14) annual increments for experience.
This provision clearly does not establish the dollar amount of the increments. Subsection (e)(2) must also be noted, however, wherein it states that "[t]he minimum levels of compensation required by this section are as follows. . . ." What follows is a schedule headed by "Years Experience," "BA Degree Salary" and "MA Degree Salary," which sets forth salaries in $400 increments. The question thus arises whether the legislature intended, by setting out these amounts, to require fourteen equal increments of at least $400.
In my opinion, it may reasonably be concluded that subsections (e) and (f), when read together, do not require a schedule with $400 increments. Rather, these subsections reflect legislative intent for districts to have in place in 1993-94 a salary schedule which provides at least fourteen annual increments, based on the minimum salaries required under subsections (b) through (d) of § 6-17-1001. Subsection (e)(2) reflects the resultant salaries when the schedule is calculated with these minimum salaries (i.e., $16,000 for teachers with a bachelor's degree and no experience, $18,400 for teachers with a master's degree and no experience, and $24,000 for teachers with a master's degree and at least fourteen years of experience), and the $400 increments. Subsection (e)(2) should not, in my opinion, be construed to require this schedule. Rather, subsection (f) clearly states that a schedule with $400 increments is a "goal." The increments are to be "over the base salary of the district," after the district has met the minimum salaries. A.C.A. §6-17-1001(f). This further illustrates that subsection (e)(2) was not intended to set forth a requirement, but rather reflects the incremental salaries, based upon the stated base compensation.
In response to your second question, A.C.A. § 6-17-1001(e)(1) (Cum. Supp. 1991) states that a district must, in 1993-94 and thereafter, ". . . have in place a salary schedule which provides at least fourteen (14) annual increments for experience." With regard, however, to the goal of a schedule with fourteen annual equal increments of $400, there appears to be no time table for this goal to be met.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh